INHABITANTS OF PRINCETON *vs.* CHARLES F. ADAMS & others, Executors.

A legacy to a church and society, "so long as they maintain their present essential doctrines and principles of faith and practice," which were then unitarian, is forfeited by a change to a trinitarian system of faith and practice.

BILL IN EQUITY for a legacy given to the complainants, in the will of Ward Nicholas Boylston, formerly of Roxbury, in

the county of Norfolk, of which will the respondents were executors and trustees. It was submitted to this court on the bill, answer, and an agreed statement of facts, all of which are sufficiently disclosed in the opinion of the court.

*E. Washburn & P. C. Bacon,* for the complainants.

*B. F. Thomas,* for the respondents.

METCALF, J. Mr. Boylston, by a deed dated October 21, 1818, conveyed land to the inhabitants of the town of Princeton, and their successors, on certain conditions subsequent. The first condition was this: " That the premises aforesaid shall enure and be for the use and improvement of the present pastor of the congregational church and society, in said town of Princeton, and his successors in said office, so long as he or they continue to be pastor or pastors of said church and congregation, and do preach and maintain the same essential doctrines and principles of faith and practice as are now preached and taught by their present pastor, the Rev. Samuel Clarke." The second condition was, that said conveyance should not operate as any diminution of the salary of Mr. Clarke, or of his successors. The other conditions do not affect the questions raised in this case.

On the 15th of July, 1826, Mr. Boylston executed his last will, which, with two codicils thereto, was duly proved and allowed by the court of probate, soon after his death, namely, in the year 1828. The fourteenth clause of that will is in these words: " To the inhabitants of the town of Princeton, in the county of Worcester, I give and bequeathe $1,000, one half of which is to be paid to the deacons of the church and congregation, over which the Rev. Samuel Clarke is now pastor; and the same shall constitute a fund, over which the said deacons and their successors in said office from time to time shall be trusted; and the net income thereof shall be applied towards the payment of the salary of the minister of said congregation; and no part of the principal shall be appropriated to that or any other purpose. And this fund shall be subject to the same conditions and limitations that are attached to a grant heretofore made by me to said town of Princeton, bearing date the 21st day of October, in the year 1818. Pro-

vided, however, that the second article of the conditions of said deed are not to attach to this additional grant, but that the proceeds of this fund shall be applied to reduce the ministerial tax in said church and congregation. The remaining $500 is to be paid to the selectmen of said town, to be loaned to industrious young men," &c., " and after the same shall have doubled by loaning and reloaning, then the accruing interest shall be annually applied, one half to the relief of indigent female orphans," &c., " and the other half to the comfort and relief of such poor widows as are resident in the town," &c.

By the second codicil to his will, the testator bequeathed to the inhabitants of Princeton, " a further sum of $100, to be added to the fund for the relief of poor and indigent females, as mentioned in the last clause of the fourteenth item of said will, subject to the restriction and limitations annexed to that bequest."

The foregoing bequests were made payable on the decease of the testator's wife; and she died on the 18th of October, 1843. The inhabitants of Princeton, by a vote passed at a legal meeting held on the 19th of October, 1829, accepted these bequests. The executors, named in the will, accepted the trust, and gave bond for the faithful performance of it. But they have not paid either of the bequests made to the complainants. And this bill is brought to compel them to make payment. The respondents submit to the court the question, whether these bequests have not been forfeited by breach of the conditions annexed to them by the testator; and we are to decide this question upon the bill, the answer and the facts agreed on by the parties.

In the first place, we are of opinion that the condition annexed to the conveyance made to the complainants, by the testator's deed of October 21, 1818, is not annexed, by any part of his will or the second codicil, to the bequest of $500, or to the additional bequest of $100, for the relief of orphans and widows; but that said condition applies only to the one half of the $1,000 given by the fourteenth clause in the will, as a fund of which the income is directed to be applied towards

the payment of the salary of the minister of the church and congregation in Princeton. Whatever, therefore, may be the effect of the condition annexed to the bequest of the $500 for that purpose, it cannot affect the complainants' right to receive the $600 given by the will and codicil, for the relief of the poor persons therein designated. That sum the respondents must pay over, according to the testator's directions.

But we are of opinion that the complainants are not entitled to the other $500. That sum was given on the condition annexed to the deed of land before mentioned, namely, that the pastor of the church and congregation in Princeton should preach and maintain the same essential doctrines and principles of faith and practice, that were preached and taught by Mr. Clarke, at the time of the execution of the will, and until the testator's death. Yet the case shows that unitarianism was the faith preached and taught by him, and that trinitarianism, (called, in the statement of facts agreed, " the principles of faith and practice peculiar to the denomination styled orthodox or evangelical,") is the faith preached and taught by his successor. Now it is impossible for us to adopt the suggestion made in argument, that these two systems of belief are the same essential doctrines and principles of faith and practice, or to suppose that the testator so regarded them. He was a unitarian, and meant to assist in the teaching of his own faith and not another. And we know of no school either of theology or of jurisprudence, in which these two systems of faith were ever considered essentially the same. From the early days of christianity they have always been deemed, as they have been in our day, antagonist systems. And courts have decided that funds given to support the teaching of one of them, are misemployed and perverted when applied to support the teaching of the other, and have redressed such misemployment. *Attorney-general* v. *Pearson,* 3 Meriv. 353, and 7 Simons, 290; *Shore* v. *Wilson,* 9 Clark & Fin. 355; *Attorney-general* v. *Shore,* 11 Simons, 592, and 16 Simons, 210; *Attorney-general* v. *Drummond,* 1 Con. & Lawson, 210, and 1 Dru. & Warren, 353; *Attorney-general* v. *Hutton,* 7 Irish Eq. Rep. 612, 614; *Miller* v. *Gable,* 2 Denio, 492, 548; *Kniskern* v

*Lutheran Church of St. John's & St. Peter's,* 1 Sandf. Ch. Rep. 439; 2 Story on Eq. § 1191, *a.* The complainants, therefore, have no rightful claim on the respondents for the $500 bequeathed for the purpose of having the income thereof applied towards payment of the minister's salary.

It is alleged in the respondents' answer, as one objection to the complainants receiving these $500, that all the inhabitants of the town, when the will was executed, and long afterwards, constituted a parish; but that the parish, for which the complainants now demand the money thus bequeathed, has since been incorporated and organized, and now forms a body entirely distinct from the town. But the bequest was to the inhabitants of the town in their parochial capacity; and it is settled that the first parish is the legal successor of the town, as to all the town's rights and duties of a parochial nature. 10 Pick. 447; 14 Pick. 297; 19 Pick. 317; 13 Met. 440. If, therefore, there had been no other objection to the complainants' right to receive this money for the use of the parish, they would have been entitled to a decree that the respondents should pay it to them.

As we decide that the condition in the testator's deed and will, which we find to have been violated, applies only to the bequest made for parochial purposes, and not to the bequest for the relief of orphans and widows, nor to the land on which the testator seems to have meant that a town-house should be built, it is unnecessary, and would be improper, to express any opinion on the question, (earnestly discussed at the bar,) whether that land is forfeited. If it is forfeited, it is not for any cause that affects the claim made by the complainants in this bill.

A decree will be made that the respondents pay to the complainants the sum of $600, and interest.